UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL SOMMERFIELD,                                              Case No. 16-cv-537-pp

        Plaintiff,

v.

ASSOCIATED TRUST CO.,

        Defendant.

---

**ORDER GRANTING THE PLAINTIFF'S REQUEST FOR WAIVER OF THE FILING FEE (DKT. NO. 2), SCREENING COMPLAINT, AND DISMISSING THE PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

---

On May 3, 2016, plaintiff Michael Sommerfield—representing himself—filed a complaint against Associated Trust Company, NA. Dkt. No. 1. He also filed a motion asking the court to allow him to proceed *in forma pauperis*—that is, without paying the filing fee. Dkt. No. 2. The court denies the plaintiff's motion to proceed *in forma pauperis*, screens his complaint, and dismisses the complaint for failure to state a claim for which a federal court can grant relief.

**I. Motion to Proceed *In Forma Pauperis* (Dkt. No. 2)**

A district court may authorize a plaintiff to proceed *in forma pauperis*—meaning that he does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the plaintiff submits an affidavit listing his assets, indicating that he is unable to pay the fees, and stating his belief that he is entitled to the relief he seeks. 28 U.S.C. §1915(a).

1

On May 3, 2016, the plaintiff filed an application listing his assets and liabilities. Dkt. No. 2. The application indicates that the plaintiff has no monthly wages or salary. In the last twelve months, he's received $4,000 from Trans Systems, and $330.00 from Wellaches Farm. Id. at 2. He has a rental expense of $100 per month, and other household expenses of $200 per month. Id. He also has to pay $100 a month for gas for his 2003 Toyota Tundra (which he values at $1,000) and $80 per month for insurance. Id. at 3. Despite the fact that he has a rent expense of $100 a month, he also states that he owns his home (which he values at $78,000) free and clear of any liens. Id. He has a negative balance in his checking account. Id. He also owns a "house in Lake Alfred, FL." He does not give a value for this house. Id. at 4. He says that he is "looking for a place to live in Green Bay." Id.

There is confusing information in the plaintiff's affidavit, but it appears to the court that he does not have enough steady income to be able to afford to pay the filing fee.

## II. Screening of the Plaintiff's Complaint

Section 1915(e)(2)(B) of Title 28 requires a court to dismiss a case filed by an unrepresented plaintiff at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." For this reason, district courts "screen" complaints filed by self-represented plaintiffs, to determine whether the complaint must be dismissed under these standards.

2

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). At the screening stage, the court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff, but the court can "pierce the veil of the complaint's factual allegations," and need not "accept without question the truth of the plaintiff's allegations." Denton, 504 U.S. at 32. For example, the Supreme Court has explained that a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." Id. at 32-33. By contrast, the court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." Id.

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has

3

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, the court must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

In this case, the plaintiff states that defendant Associated Trust Co. is "withholding" "Trust No. 1 Agreement." Dkt. No. 1 at 2. He alleges that this trust agreement describes an inheritance that he is supposed to receive under a trust entitled 1965 Thelma Albert's Irrevocable Trust. He argues that the defendant violated that agreement (or perhaps a different agreement—he refers to both a 1965 trust and a 1968 trust). He also argues that the defendant withheld from him "the Trust Agreement" and "the Trust No. 1 agreement from the 1979 CFA Trust." Id. The plaintiff claims that the defendant "did this" to conceal fraud and theft. Id. As relief, he says he "want[s] a copy of Trust No. 1." Id. at 4.

The plaintiff does not tell the court under what state's law the trusts he talks about were created, but the court will assume they were created under Wisconsin law. He also does not tell the court what role the defendant plays with regard to the trusts, but the court assumes that perhaps Associated Trust Co. is the trustee. (Associated Trust Co., NA is a privately-owned investment management company with its headquarters in Wisconsin.) It appears, as best the court can tell, that the plaintiff wishes to challenge the administration of these trusts, and he wants a copy of one of the trust documents so that he can figure out what Associated Trust Co. is required to do as trustee.

If that is what the plaintiff is trying to do, a federal district court cannot help him. Federal courts can preside over cases only if they involve a violation of federal law or the federal Constitution, or if they are suits between citizens of different states involving more than $75,000. Trusts such as the ones the plaintiff appears to be talking about are created under state law. If someone wants to challenge a trust created under Wisconsin law, or to challenge its administration, that person must file his lawsuit in *state* court—most likely, in the state probate court. There is no federal law governing trusts like the ones the plaintiff describes. And while, right now, the plaintiff lives in a different state than the state in which Associated Trust Co. is located, he is not asking for money—he's asking for a copy of the trust.

This court does not have jurisdiction over the kind of claim the plaintiff brings, and it does not have the authority to give him the relief he requests. For that reason, the court must dismiss the plaintiff's federal complaint. The

5

plaintiff may want to consider filing his claim in the state court of whichever state's laws govern the trusts he describes.

The court **GRANTS** the plaintiff's motion to proceed without paying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff's case is **DISMISSED** for failure to state a claim upon which a federal court can grant relief.

Dated in Milwaukee, Wisconsin this 16th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge